United States District Court
Southern District of Texas
**ENTERED**
December 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN HIGGS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03740 |
| | § | |
| OAKBEND MEDICAL CENTER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the Court are Defendant OakBend Medical Group's ("OakBend MG") Motion to Dismiss (Doc. #58), Plaintiffs' Response (Doc. #61), and OakBend MG's Reply (Doc. #63). Having considered the parties' arguments, the submissions, and the applicable legal authority, the Court grants the Motion to Dismiss.

### I.      Background

This is a consolidated class action arising out of the alleged data breach of OakBend MG's computer systems, resulting in the compromise of Plaintiffs' personal information. Doc. #54 ¶ 1. Plaintiffs originally brought their claims against OakBend Medical Center ("OakBend MC"), which is a hospital authority created by the City of Richmond, Texas, pursuant to Chapter 262 of the Texas Health and Safety Code. *See* City of Richmond, Tex. Municipal Code §§ 2-275–2-276, https://library.municode.com/tx/richmond/codes/code_of_ordinances; Doc. #27. OakBend MG is a non-profit corporation, the sole member of which is OakBend MC. Doc. #54 ¶¶ 18–19.

OakBend MG and OakBend MC are extremely intertwined entities. For instance, as OakBend MG's sole member, OakBend MC has the authority to appoint and remove OakBend

MG's Board of Directors and management. Doc. #58, Ex. 2 ¶ 4. OakBend MC's Chief Executive Officer also serves as OakBend MG's President. *Id.* ¶ 2. In addition, OakBend MC has the power to approve OakBend MG's budgets, mergers, acquisitions, asset sales, creations of partnerships, dissolution, and liquidation. *Id.* ¶ 4. OakBend MC also provides funding for OakBend MG's regular operations and is the "sole financial support for any OakBend MG losses." *Id.* Relevant to Plaintiffs' claims, all of OakBend MG's patient and employee information is housed at OakBend MC. *Id.* ¶ 5. Indeed, OakBend MG and OakBend MC operate on the same computer network, and OakBend MC's information technology ("IT") staff supports OakBend MG. *Id.* In addition, the data breach Plaintiffs complain of in this action involved a server housed at OakBend MC. *Id.* ¶ 6.

Plaintiffs filed their original Consolidated Class Action Complaint (the "Original Complaint") on February 27, 2023, asserting claims against OakBend MC for (1) negligence, (2) breach of implied contract, (3) negligence per se, (4) breach of fiduciary duty, (5) intrusion upon seclusion and invasion of privacy, and (6) unjust enrichment. Doc. #27 ¶¶ 181–254. On March 28, 2023, OakBend MC moved to dismiss the Original Complaint based on lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Doc. #33. After OakBend MC moved for dismissal, the Court set an extended briefing schedule so that the parties could engage in jurisdictional discovery. Doc. #41. According to Plaintiffs, the jurisdictional discovery revealed that OakBend MG was also impacted by the data breach. Doc. #43 at 2. Thus, in addition to opposing the dismissal of OakBend MC, Plaintiff sought leave to amend its Original Complaint so that it could assert claims against OakBend MG. *Id.* On March 19, 2024, the Court entered an Order granting OakBend MC's Rule 12(b)(1) motion on the basis that OakBend MC was entitled to governmental immunity. Doc. #53. However, the Court granted Plaintiffs leave to amend their

Original Complaint to assert claims against OakBend MG. *Id.*

On March 26, 2024, Plaintiffs filed the First Amended Consolidated Class Action Complaint (the "Amended Complaint"). Doc. #54. Plaintiffs' Amended Complaint asserts claims against OakBend MG that mirror the claims asserted against OakBend MC in the Original Complaint. *See id.* ¶¶ 157–231. On April 5, 2024, OakBend MG filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[1] Doc. #58.

## II.     Legal Standard

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction tests the court's statutory or constitutional power to adjudicate the case." *Wesolek v. Layton*, 871 F. Supp. 2d 620, 627 (S.D. Tex. 2012) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). District courts may dismiss a case for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "The burden of proof for a [Rule] 12(b)(1) motion to dismiss is on the party asserting jurisdiction, and, at the pleading stage, the plaintiff's burden is to allege a plausible set of facts establishing jurisdiction." *Haverkamp v. Linthicum*, 6 F.4th 662, 668 (5th Cir. 2021) (cleaned up). Moreover, "all well-pleaded facts are taken as true and all reasonable inferences must be made in the plaintiff's favor." *Id.* at 668–69.

## III.     Analysis

OakBend MG argues that this case should be dismissed under Rule 12(b)(1) because

---

[1] OakBend MG also moved for dismissal based on Federal Rule of Civil Procedure 12(b)(6). Doc. #58. However, the Court need only evaluate the Motion to Dismiss under Rule 12(b)(1) because the Court has determined that OakBend MG is immune from suit. *Supra* pp. 3–6.

3

OakBend MC's governmental immunity extends to OakBend MG.  Doc. #58 at 4–6.  Plaintiffs aver that OakBend MG is not a governmental unit and is distinct from OakBend MC.  Doc. #61 at 3–6.  "The doctrine of governmental immunity from suit bars litigation against the state and its governmental units unless the state consents by waiving its immunity." *Lenoir v. U.T. Physicians*, 491 S.W.3d 68, 75 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). "This is because lawsuits against the state 'hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes.'" *Tex. Adjutant Gen.'s Off. v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008)); *see also Univ. of the Incarnate Word v. Redus*, 602 S.W.3d 398, 401 (Tex. 2020) (describing the "historic justifications" for the doctrine of governmental immunity as "preserving the separation of government power and protecting the public treasury from lawsuits and judgments").

Texas courts have, "at times, extended governmental immunity to shield additional actors beyond the state and its political subdivisions." *Lenoir*, 491 S.W.3d at 82. For instance, "a private entity contracting with the government may benefit from sovereign immunity if 'it can demonstrate its actions were actions of the . . . government' and that 'it exercise[d] no discretion in its activities.'" *Id.* (quoting *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 125–25 (Tex. 2015)). In other words, where an entity's "complained-of conduct" is "effectively attributed to the government," that entity is entitled to governmental immunity. *Brown & Gay*, 461 S.W.3d at 125. On the other hand, where a defendant's "own discretionary acts are the basis of the plaintiff's claims," derivative governmental immunity does not apply. *Lenoir*, 491 S.W.3d at 85.

Here, the Court has already determined that OakBend MC is a governmental unit entitled to governmental immunity. Doc. #53.  OakBend MG now argues that, by extension, it is also

entitled to governmental immunity. Doc. #58 at 4–6. Notably, OakBend MG operates on the same computer network as OakBend MC, shares the servers that OakBend MC houses, and exclusively uses OakBend MC's IT personnel. Moreover, OakBend MC is OakBend MG's sole member. OakBend MC also controls OakBend MG's operations—including the appointment and removal of OakBend MG's Board of Directors and management—and financial decisions. Thus, the Court finds that the "complained-of conduct" in this action is effectively attributable to OakBend MC because OakBend MG had no discretion with respect to the electronic storage of Plaintiffs' information. *See Brown & Gay*, 461 S.W.3d at 125; *Lenoir*, 491 S.W.3d at 86 ("If the contractor or agent lacked discretion, its actions were the actions of the governmental unit; if it had discretion, then it may be sued like any other private actor for its negligent exercise of that discretion."). As such, OakBend MG is entitled to governmental immunity.

Extending immunity to OakBend MG is also consistent with the purposes of the doctrine of governmental immunity, which are to "preserv[e] the separation of government power and protect[] the public treasury from lawsuits and judgments." *Redus*, 602 S.W.3d at 401. In this regard, OakBend MC is solely responsible for OakBend MG's financial losses. Thus, a judgment against OakBend MG would in effect result in damages payments "from the state and the public." *See CPS Energy v. Elec. Reliability Council of Tex.*, 671 S.W.3d 605, 627 (Tex. 2023). Therefore, "[r]ecognizing [OakBend MG's] immunity also satisfies the 'political, pecuniary, and pragmatic policies underlying our immunity doctrines.'" *See id.* (quoting *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 750 (Tex. 2019)).

Moreover, in the Court's March 19 Order, the Court already determined that no legislative waiver of immunity applies to Plaintiffs' claims with respect to OakBend MC. Doc. #53 at 5–8. Because the claims asserted against OakBend MG mirror the claims against OakBend MC, the

Court's analysis in its March 19 Order as to waiver of immunity applies with equal weight to OakBend MG. Thus, no waiver of immunity applies to Plaintiffs' claims against OakBend MG.

## IV.    Conclusion

In conclusion, the Court finds that OakBend MG is immune from suit with respect to all of Plaintiffs' claims. Therefore, OakBend MG's Motion to Dismiss (Doc. #58) is hereby GRANTED and this case is DISMISSED WITH PREJUDICE.

It is so ORDERED.

DEC 0 4 2024
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

6